ORIGINAL

1 | DAVID ROGER
District Attorney
2 | **CIVIL DIVISION**
State Bar No. 002781
3 | By: **ROBERT J. GOWER**
Deputy District Attorney
4 | State Bar No. 001868
500 South Grand Central Pkwy.
5 | P. O. Box 552215
Las Vegas, Nevada 89155-2215
6 | (702) 455-4761
Fax (702) 382-5178
7 | Attorneys for Defendants
   Justice of the Peace Douglas Smith;
8 | Clark County, Nevada; Sergeant
   Kosmides; and Las Vegas
9 | Metropolitan Police Department

FILED ___RECEIVED
___ENTERED___SERVED ON
COUNSEL/PARTIES OF RECORD

2003 OCT -3  P 2: 59

CLERK U.S. DISTRICT COURT
DISTRICT OF NEVADA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

YAAKOV M. VANN,

    Plaintiff,

vs.

STATE OF NEVADA, HONORABLE DOUGLAS SMITH, CLARK COUNTY NEVADA, SARGENT KOSMIDES, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, MISTER LORNE WYNE aka "RABBI YITZ WYNE," MISS. MICHELLE HALABE, PETER DUBOWSKY,

    Defendant.

Case No: CV-S-03-0507-PMP(PAL)

## MOTION TO DISMISS

On August 21, 2003, the Plaintiff YAAKOV M. VANN's §1983 Complaint was filed. Mr. Vann is proceeding in proper person although the Plaintiff does have a juris doctrate degree from Whittier Law School (Transcript of hearing, Turesday, November 19, 2002, at p. 13). The Complaint names the following as Defendants: State of Nevada; the Honorable Douglas Smith; Clark County, Nevada; Sergeant Kosmides; Las Vegas Metropolitan Police Department; Mister Lorne Wyne; Miss Michelle Halabe; and Peter Dubowsky. This Motion to Dismiss is being filed on behalf of Defendants Justice of the Peace Douglas Smith; Clark

County, Nevada; Sergeant Kosmides; and Las Vegas Metropolitan Police Department.

Although somewhat confusing, the Plaintiff's Complaint appears to focus on the events which led to Protective Orders being entered against the Plaintiff as well as the Plaintiff being held in contempt of court by Justice of the Peace Douglas Smith and spending one night in jail as a result of that contempt. The Plaintiff alleges a variety of improper activities including the existence of a conspiracy between all of the Defendants and illegal and unconstitutional actions during the Protective Order and contempt hearings. From the Plaintiff's Complaint and the Exhibits attached thereto, the following factual scenario emerges. The Plaintiff attended some services at a synagogue. The Plaintiff began having problems with the Rabbi, Defendant Mister Lorne Wyne aka Rabbi Yitz Wyne, along with several members of the congregation including Defendants Miss Michelle Halabe and Peter Dubowsky. Some of the Defendants sought legal protection in the form of Protective Orders against the Plaintiff. A series of hearings were held regarding the issuance of Protective Orders as well as allegations that the Plaintiff had violated those Protective Orders by having post-Protective Order contacts with those individuals who had obtained the Protective Orders. Despite warnings to the Plaintiff by Justice of the Peace Douglas Smith, allegations of improper contact continued to be made by the aggrieved parties. The Plaintiff was held in contempt of court by the Justice of the Peace when he failed to be present in court at the time required. The Plaintiff has subsequently moved to Florida.

Defendants Justice of the Peace Douglas Smith; Clark County, Nevada; Sergeant Kosmides; and the Las Vegas Metropolitan Police Department respectfully submit that dismissal of these Defendants is warranted at this time.

I.   **YOUNGER ABSTENTION DOCTRINE**

It is Defendants Justice of the Peace Douglas Smith; Clark County, Nevada; Sergeant Kosmides; and Las Vegas Metropolitan Police Department's contention that this Court should abstain from considering the Plaintiff's Complaint based upon the Younger abstention doctrine. Abstention is appropriate when "federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings." Younger v. Harris, 401 U.S. 37

(1971). This form of abstention should be applied, absent extraordinary circumstances, when the complaint in federal court requests enjoining a pending state prosecution. In <u>Mann v. Jett</u>, 781 F.2d 1448, 1449 (9th Cir. 1986), the Ninth Circuit held that abstention was appropriate because the Plaintiff in that case could have adequately litigated his underlying claim of unconstitutional deprivation of counsel in his ongoing state criminal proceedings and because "'the potential for federal-state friction [resulting from federal intervention] (was) obvious.'" <u>Mann</u>, 781 F.2d at 1449, quoting <u>Guerro v. Mulhearn</u>, 498 F.2d 1249, 1253 (1st Cir. 1974). In <u>Guerro</u>, the court determined that "[t]he touchstone for any decision to defer a civil rights damage action which is parallel to state criminal proceedings is whether the federal court will be making rulings whose necessary implication would be to call in question the validity of the state conviction." 498 F.2d at 1254. In this action, the Plaintiff alleges that Justice of the Peace Douglas Smith illegally and unconstitutionally granted Protective Orders against the Plaintiff as well as held the Plaintiff in contempt of court. The injunctions that the Plaintiff is requesting in this case are injunctions "against all further prosecution" and "to immediately revoke all orders of protection." Based on the foregoing, the <u>Younger</u> abstention doctrine is applicable to this action and this Motion to Dismiss should be granted on this ground alone.

## II. **JUSTICE OF THE PEACE DOUGLAS SMITH**

A cursory review of the allegations in the Complaint amply demonstrates that all of the claims against the Defendant Justice of the Peace Douglas Smith allege that this Defendant took certain actions involving the Plaintiff in this Defendant's capacity as a Justice of the Peace for Las Vegas Township. Accordingly, the Plaintiff's claims against this Defendant are barred by the application of the doctrine of judicial immunity. It is well established that judges have absolute immunity from civil liability for actions taken in their judicial capacity. <u>Pierson v. Ray</u>, 386 U.S. 547, 87 S.Ct. 1213 (1967) and <u>Mireles v. Waco</u>, 112 S.Ct. 286 (1991).

The Plaintiff also alleges that Justice of the Peace Douglas Smith entered into a conspiracy with the other Defendants to deprive the Plaintiff of his rights and property;

however, the cloak of judicial immunity is not pierced by the Plaintiff's allegations of a conspiracy between the Defendants in this case. As held in Ashelman v. Pope, 793 F.2d 1072 at 1078 (9th Cir. 1986):

> "a conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors."

Although Justice of the Peace Douglas Smith denies the truth of Plaintiff's allegations of a conspiracy between the Defendants, even if the allegations are true, absolute judicial immunity would still apply to bar the Plaintiff's claims against Justice of the Peace Douglas Smith. In addition, it must be noted that judicial immunity is immunity from suit and not just immunity from the ultimate assessment of damages. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985).

Apparently, in recognition of this judicial immunity, the Plaintiff correctly notes that judicial immunity does not bar a suit for injunctive relief in an appropriate case. The Plaintiff's case is not; however, such an appropriate case. The injunctive relief requested is relief "against all further prosecution" and "to immediately revoke all orders of protection." As indicated previously, this relief is not appropriate pursuant to the Younger abstention doctrine. In addition, at the present time it would appear that the Plaintiff's claims for injunctive relief have essentially been rendered moot by the Plaintiff's move to Florida. Consequently, the only foreseeable prosecution of the Plaintiff in Defendant Justice of the Peace Douglas Smith's Court would be if the Plaintiff would violate the existing Protective Orders. As long as the Plaintiff refrains from telephoning or mailing items to the parties who obtained the Protective Orders, the Plaintiff should be in no danger of violating those Protective Orders and consequently, in no danger of "further prosecution."

Accordingly, Defendant Justice of the Peace Douglas Smith should be dismissed from this lawsuit.

### III. CLARK COUNTY, NEVADA AND LAS VEGAS METROPOLITAN POLICE DEPARTMENT

Although named in the caption as Defendants, the Plaintiff provides no explanation as

1  to what specific acts were performed by Defendants Clark County, Nevada or by the Las
2  Vegas Metropolitan Police Department which could form the basis for a cause of action
3  against these Defendants. It is well-settled that the Plaintiff cannot rely on a theory of
4  respondiat superior in claiming that these Defendants are liable to the Plaintiff. A complaint
5  which simply names a government agency or public officials, fails to state a claim under 42
6  U.S.C. 1983 since civil rights actions can only brought against individual wrongdoers.
7  Casey v. Purser, 385 F.Supp. 621 (1974). As stated above, to state a claim in a civil rights
8  action, the Complaint must name individual wrongdoers and show their individual
9  involvement in the deprivation of Plaintiff's civil rights. Leer v. Murphy, 844 F.2d 628, 634
10 (1988). The foregoing is particularly true with reference to the Plaintiff's general claim that
11 Defendants Clark County, Nevada and Las Vegas Metropolitan Police Department were
12 involved in a conspiracy to violate the Plaintiff's constitutional rights.
13     Accordingly, Defendants Clark County, Nevada and Las Vegas Metropolitan Police
14 Department should be dismissed from this lawsuit.

**IV.  SERGEANT KOSMIDES**

16     The Plaintiff makes the following allegations against Defendant Sergeant Kosmides:
17 conspired with Defendants Wyne, Dubowsky and Halabe to provide false information in
18 Court and to not investigate another LVMPD Officer's misconduct, threatened the Plaintiff
19 with arrest on more than one occasion despite no crime having been committed by Plaintiff,
20 abridged the Plaintiff's constitutional rights, agreed with the other Defendants to issue
21 Orders of Protection in violation of the U.S. Constitution, conspired and agreed to jail the
22 Plaintiff without providing appointed counsel.
23     With respect to the Plaintiff's allegations regarding testimony provided by Defendant
24 Sergeant Kosmides at the Court hearing, this Defendant is entitled to witness absolute
25 immunity. Brisco v. LaHue, 460 U.S. 325 (1983); Holt v. Casteneda, 832 F.2d 123 (9th Cir.
26 1987). Accordingly, Defendant Sergeant Kosmides is not liable to the Plaintiff with respect
27 to those allegations.
28     With respect to the Plaintiff's apparent allegation that this Defendant agreed with the

1  other Defendants to issue the Protective Orders in question and conspired and agreed to jail
2  the Plaintiff, those allegations simply cannot be supported. Only a judge can issue a
3  Protective Order and the jailing of the Plaintiff for contempt was done by Defendant Justice
4  of the Peace Douglas Smith, not Sergeant Kosmides.

5  Sergeant Kosmides is entitled to assert the defense of the doctrine of qualified good
6  faith immunity as a bar to this suit. Qualified good faith immunity shields state officials
7  from liability in §1983 actions if their conduct is objectively reasonable "as measured by
8  reference to clearly established law". Wood v. Ostrander, 879 F.2d 583, 591 (9th Cir. 1988).
9  A defendant should be granted qualified good faith immunity unless the plaintiff's complaint
10 states "with factual detail and particularity the basis for the claim which necessarily includes
11 why the defendant-official cannot successfully maintain the defense of immunity". Gagne v.
12 City of Galveston, 805 F.2d 558, 559 (5th Cir. 1986). It is appropriate to raise the defense of
13 qualified good faith immunity by way of a motion for summary judgment. See, Thorsted v.
14 Kelly, 858 F.2d 571, 575 (9th Cir. 1988).

15 In Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982), the Supreme Court
16 established an objective test of the good faith necessary for qualified immunity and held:
17 "Government officials performing discretionary functions, generally are shielded from
18 liability for civil damages insofar as their conduct does not violate clearly established
19 statutory or constitutional rights of which a reasonable person would have known". The
20 United States Supreme Court further clarified the manner in which the objective test is to be
21 applied in Anderson v. Creighton, 483 U.S. 635, 641 (1987). The Anderson court explained:

> "The operation of this ["clearly established] standard . . . depends substantially on the level of generality at which the relevant "legal rule" is to be identified . . . [O]ur cases established that the right the official is alleged to have violated must have been clearly established" in a more particularized, and hence more relevant sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law, the unlawfulness must be apparent.

28 Anderson, Id., at 639-40.

## CONCLUSION

Based upon the foregoing, Defendants Justice of the Peace Douglas Smith; Clark County, Nevada; Sergeant Kosmides; and the Las Vegas Metropolitan Police Department respectfully request that the Complaint be dismissed in its entirety based upon the <u>Younger</u> abstention doctrine, or in the alternative, that these Defendants be dismissed from this lawsuit based upon the arguments contained herein.

DATED this 3rd day of October, 2003.

        DAVID ROGER
        DISTRICT ATTORNEY
        State Bar No. 002781

        By: /s/ Robert J. Gower
        ROBERT J. GOWER
        Deputy District Attorney
        State Bar No. 001868
        500 South Grand Central Pkwy.
        P. O. Box 552215
        Las Vegas, Nevada 89155-2215
        Attorney for Defendants
            Justice of the Peace Douglas Smith, Clark
            County, Nevada, Sergeant Kosmides and
            Las Vegas Metropolitan Police Department

## CERTIFICATE OF MAILING

I hereby certify that on the 3rd day of October, 2003, I deposited in the United States Mail, postage prepaid, at Las Vegas, Nevada, enclosed in a sealed envelope, a copy of the above and foregoing **MOTION TO DISMISS** addressed as follows:

YAAKOV M. VANN
7186 SAN SALVADOR DRIVE
BOCA RATON, FL 33433

        /s/ Joy Medanis
        An Employee of the Clark County District
        Attorney's Office – Civil Division